IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**AARON CRIFT**                                                                                                          **PETITIONER**

VS.                               CASE NO. 5:19-cv-00148 JM/PSH

**WENDY KELLEY**, Director of the
Arkansas Department of Correction                                          **RESPONDENT**

**FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

Aaron Crift ("Crift") seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254. Crift is currently in the custody of the Arkansas Department of Correction (ADC) after a Jefferson County jury convicted him of first-degree murder in February 2017. He was sentenced as an habitual offender to 65 years' imprisonment. Crift's direct appeal was denied by the Arkansas Court of Appeals on January 24, 2018. *Crift v. State*, 2018 Ark. App. 15. The sole argument raised on direct appeal was trial court error in declining to instruct the jury on manslaughter as a lesser-included offense of capital murder and first-degree murder. Crift did not seek discretionary review by the Arkansas Supreme Court, and the Arkansas Court of Appeals' mandate issued on February 13, 2018.

On April 18, 2019, Crift filed his federal habeas corpus petition, alleging the following claims for relief:

1. His conviction was not supported by sufficient evidence;

2. His Fifth Amendment right not to incriminate himself was violated; and

3. He was denied his right to testify against witness Arthur Paylor, who Crift alleges committed the crime.

Respondent Wendy Kelley ("Kelley") contends that the statute of limitations bars consideration of these claims, and she asserts that all claims are also procedurally barred due to Crift's failure to adequately raise them in state court. By Order dated July 29, Crift was notified of his opportunity to address Kelley's arguments, and he has responded. Docket entry no. 13. The Court will initially consider if Crift's petition is timely filed.

**Calculation of the limitations period and statutory tolling.**

Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Kelley contends that Crift should have filed his federal habeas petition on or before February 12, 2019, in order to comply with the limitations provisions of 28 U.S.C. § 2244. Specifically, Kelley asserts that Crift's conviction became final when the time for seeking discretionary review expired on February 11, 2018. According to Kelley, the limitations period began to run when the Court of Appeals' judgment affirming the conviction became final on conclusion of direct review or when the time for seeking direct review expired. The time for seeking discretionary review by the Arkansas Supreme Court ended eighteen days after the Court of Appeals decision was issued on January 24, or on Sunday, February 11, 2018. Ark. R. Sup. Ct. 2-4(a). Crift's conviction became final when he did not seek review by close of business on Monday, February 12, 2018. Docket entry no. 9 at 4. According to Kelley, Crift should have filed his federal habeas corpus petition on or before close of business on February 12, 2019.[1] Because the petition was filed more than two months after the limitations period expired, Kelley argues, the petition should be dismissed.

In his responsive pleading, Crift does not dispute Kelley's calculations. Crift concedes that he did not seek discretionary review following the Court of Appeals' decision on direct appeal. Crift also concedes that he did not pursue Rule 37 relief in state court. Instead, he indicates he wrote a letter to Jefferson County officials inquiring "about wanting to get back in court." Docket entry no. 13, page 1. Crift also states he wrote to the Arkansas Supreme Court to determine if he could return to court on the same grounds raised in his direct appeal. According to Crift, the Arkansas Supreme Court informed him in a February 6, 2019 letter that they could not give him legal advice.

Based upon the foregoing, the Court finds that Kelley's position is correct. Crift had until close of business on February 12, 2019 to file a federal habeas corpus petition. He did not do so. And Crift did not file any state postconviction petitions which, under the statute, would have tolled

---

[1] Kelley states that the time for seeking review does not include the 90 day period allowed for filing a writ of certiorari with the U.S. Supreme Court because Crift did not appeal the decision of the Court of Appeals to the Arkansas Supreme Court. A decision of the Arkansas Court of Appeals is not a court of last resort, and therefore its decision is not reviewable by the U.S. Supreme Court. *See Parmley v. Norris*, 586 F.3d 1055 (8th Cir. 2010).

the limitations period. Thus, the Court finds that Crift's federal habeas corpus petition was filed more than 2 months after the statute of limitations expired.

**Equitable tolling of the limitations period.**

The Court next explores whether there is any basis for equitable tolling of the limitations period:

> Equitable tolling is appropriate where extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or where a defendant's conduct lulls the prisoner into inaction. *Id.* The doctrine applies "only when some fault on the part of the defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay." *Flanders v. Graves,* 299 F.3d 974, 977 (8th Cir.2002). Equitable tolling is an "exceedingly narrow window of relief." *(Citation omitted).*

*Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005).

In his supplemental pleading, Crift offers the following reasons why the limitations period should be equitably tolled: (1) the trial court was without jurisdiction; (2) the guns obtained in the search of his home and/or vehicle were not his property; and (3) he is innocent of the charges.

None of the reasons Crift advances serve to equitably toll the limitations period.

First, Crift alleges the trial court lost jurisdiction because it denied his constitutional rights. He fails, however, to establish a denial of his constitutional rights. Instead, he simply asserts his rights were denied. This bare assertion does not amount to an infringement of Crift's rights, and equally does not demonstrate the trial court lacked or lost jurisdiction of his case.

Crift's second argument focuses on the results of the search of his home and/or vehicle. This argument fails to equitably toll the limitations period because there is no causal connection between this argument and Crift's failure to file a timely federal habeas petition. Put another way, even assuming some error in the search and seizure of property in this case, Crift does not allege or prove that this prevented him from filing a timely petition.[2]

---

[2]The Court also notes that search and seizure habeas relief has been severely limited by the Supreme Court decision in *Stone v. Powell*, 428 U.S. 465 (1976), holding that federal habeas corpus relief is not available if the state has provided an opportunity for the full and fair litigation of this claim. *See also Lee v. Lockhart*, 754 F.2d 277 (8th Cir. 1985). "It is the

Liberally construing his pleadings, Crift's third and final argument is that he is innocent of the murder, and his actual innocence warrants habeas relief.  The United States Supreme Court in *McQuiggin v. Perkins*, 569 U.S. 383 (2013), held that actual innocence, if proved, may serve as a gateway through which the petitioner may pass to overcome the expiration of the statute of limitations.  The Supreme Court emphasized, however, that a tenable actual innocence gateway plea is rare.  To advance a tenable claim, the petitioner must meet the standard set forth by the Supreme Court in an earlier case:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995).  Since *McQuiggin* cites the *Schlup* standard, Crift must demonstrate actual innocence under *Schlup* in order to overcome the limitations barrier.  The Court, in *Schlup*, set the standard required of Crift; he "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  513 U.S. at 327.

With this standard in mind, the Court turns to Crift's actual innocence assertions.  He claims that an eyewitness could place the gun in the hands of another person, Arthur Paylor; that Paylor's brother would testify that Crift did not own a gun but Paylor did, and that Paylor owned a gun and vehicle matching the gun and vehicle seen by witnesses; and that Crift had an injured hand at the time of the shooting, which could be corroborated by four other witnesses.  These assertions fall far short of being "new reliable evidence" as envisioned by *Schlup*.  Crift does not establish that any of the assertions are new or were unavailable at the time of the trial.  Indeed, the witnesses Crift states could help prove his innocence all testified at the trial.

The issues raised by Crift in opposition to Kelley's limitations argument are without merit.

---

existence of state processes allowing an opportunity for full and fair litigation of a fourth amendment claim, rather than a defendant's use of those procedures, that bars federal habeas corpus consideration of such claims." *Lenza v. Wyrick*, 665 F.2d 804, 808 (8th Cir. 1981).  Crift does not allege that he was denied the opportunity to challenge the search and seizure in this case.

None of his claims show that he was prevented by a party or by external circumstances from filing a timely federal habeas corpus petition. His arguments focus more on the credibility of witnesses, which is not a valid reason to equitably toll the running of the limitation period.

Neither statutory nor equitable tolling interrupted the limitations period after it began on February 11, 2018. Crift's April 2019 federal habeas petition was untimely, and the Court recommends dismissal on that basis.[3]

**Conclusion:** For the foregoing reasons, the Court recommends that the petition for writ of habeas corpus be dismissed and the relief requested be denied because the petition is time-barred.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, the Court recommends the certificate of appealability be denied.

IT IS SO ORDERED this 12th day of September, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court need not, and does not, consider the procedural default argument under the circumstances in this case, where the limitations period has expired.